UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Arif A. Durrani, :
  :
      Plaintiff, :
v. : Civil Action No. 08-0607 (CKK)
  :
U.S. Citizenship and Immigration :
Services, :
  :
      Defendant. :

MEMORANDUM OPINION

In this action brought *pro se* under the Privacy Act, 5 U.S.C. § 552a, plaintiff seeks to compel the United States Citizenship and Immigration Services "to correct his citizenship records as requested on January 19, 2008," to reflect his status as a naturalized citizen. Complaint at 1. He then seeks "a duplicate copy of his citizenship certificate" and monetary damages. *Id*. at 2. Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Dkt. No. 18] and plaintiff cross moves for summary judgment [Dkt. No. 28]. Based on overwhelming evidence that no such records exist because plaintiff has not been naturalized as a United States citizen, the Court will grant defendant's motion for summary judgment and deny plaintiff's cross-motion for summary judgment.

I. BACKGROUND

The relevant undisputed facts are as follows. Plaintiff, who was born in Pakistan, filed a Petition for Naturalization in the United States District Court for the Central District of California on May 13, 1986. Def.'s Mot., Ex. A; Pl.'s Mot., Ex. 9. Plaintiff allegedly "appeared for the final oath of allegiance and processing of his naturalization documents" on July

23, 1986.  Pl.'s Statement of Material Facts Not in Genuine Dispute ¶ 7; *but see* Pl.'s Ex. 10

("Notice of Preliminary Naturalization Hearing" on July 23, 1986).

On May 13, 1987, plaintiff was convicted in the United States District Court for the District of Connecticut of three counts of violating the Arms Export Control Act, 22 U.S.C. § 2778(c) (1982); he was sentenced to an aggregate prison term of 10 years and fined $3 million. *U.S. v. Durrani*, 835 F.2d 410, 413 (2nd Cir. 1987).  Consequently, by memorandum of February 10, 1989, immigration officials recommended that plaintiff's naturalization petition be denied. Def.'s Ex. B.  On August 21, 1989, the then-Immigration and Naturalization Service ("INS") informed plaintiff that because of his "incarceration for more tha[n] one hundred and eighty days," he was "ineligible for naturalization" based on a provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(f)(7), that authorized the INS to deem plaintiff no longer "considered to be of good moral character."  Def.'s Ex. C.  INS further requested that plaintiff withdraw his petition; otherwise, it would "seek to have your naturalization petition denied for, among other things, lack of prosecution."  *Id*.  In a letter dated June 26, 1991, to an Assistant United States Attorney in Bridgeport, Connecticut, the Clerk of the Central District of California confirmed that plaintiff "has not been naturalized by this court."  Def.'s Ex. G. Plaintiff initiated this civil action in April 2008.

## II.  LEGAL STANDARD

Summary judgment should be granted to the movant if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The party opposing a motion for

summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288 (1968)); *see* Fed. R. Civ. P. 56(e)(2) (opposing party must demonstrate genuine issue "by affidavits or as otherwise provided in this rule"). "The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990), but to identify a genuine issue of material fact. "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. Summary judgment is appropriate when "the tendered evidence is in its nature too incredible to be accepted by reasonable minds." *Minor v. Washington Terminal Co.*, 180 F.2d 10, 12 (D.C. Cir. 1950) (citation and internal quotation marks omitted). In addition, "[t]he removal of a factual question from the jury is most likely when a plaintiff's claim is supported solely by the plaintiff's own self-serving testimony, unsupported by corroborating evidence, and undermined either by other credible evidence, physical impossibility or other persuasive evidence that the plaintiff has deliberately committed perjury." *Johnson v. Washington Metropolitan Area Transit Authority*, 883 F.2d 125, 128 (D.C. Cir. 1989) (citations omitted).

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual" when making such determinations. 5 U.S.C. § 552a(e)(5); *see Deters v. U.S. Parole Commission*, 85 F.3d 655, 657 (D.C. Cir. 1996). Section 552a(d) allows individuals to access agency records about themselves and to request amendment

of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991).  Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment provisions, and subsection (g)(4) provides for monetary damages, costs and attorneys' fees where the agency has acted intentionally or willfully.  *See Doe*, 936 F.3d at 1350; accord *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992); *Deters*, 85 F.3d at 660-61.  A Privacy Act claim necessarily depends on the existence of a record, which the Act defines as "any item, collection, or grouping of information about an individual that is maintained by an agency."  5 U.S.C. § 552a(a)(4).  *See, e.g., Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) ("If his [Privacy Act] lawsuit went forward, there would come a time when Krieger would have to identify the particular records[.]"); *Doe v. United States*, 821 F.2d 694, 699 (D.C. Cir.  1987) ("In the typical Privacy Act case, . . . it is feasible, necessary, and proper, for the agency and, in turn, the district court to determine whether each filed item of information is accurate.").

III.  DISCUSSION

Defendant asserts that it is entitled to judgment because "[p]laintiff has never been a naturalized citizen of the United States, and therefore, no such certificate exists within Defendant agency."[1]  Memorandum of Points and Authority in Support of Motion for Summary Judgment at

---

[1]  Perhaps because plaintiff requested as part of his relief a duplicate copy of his citizenship certificate, Compl. at 2, defendant has mistakenly invoked the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  *See* Mem. of P.&A. at 1-2, 5-6.  The complaint, which has not been amended, is captioned "Request for Correction of Citizenship Records and Damages [,] 5 U.S.C. § 552a (g)(1)(A)(B) and (C)," and seeks remedies available under the Privacy Act, namely, the correction of records and monetary "damages sustained by the Petitioner by this intentional and willful conduct of the employees of the agency."  Compl. at 2.  Because the Court views the complaint as brought and prosecuted only under the Privacy Act, it will not address defendant's misguided FOIA argument and plaintiff's response thereto.

3. The INA provides that:

> A person who has applied for naturalization shall, in order to be and before being admitted to citizenship, take in a public ceremony before the Attorney General or a court with jurisdiction under section 1421(b) of this title an oath [, inter alia,] (1) to support the Constitution of the United States; [and] (2) to renounce and abjure absolutely and entirely all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of whom or which the applicant was before a subject or citizen[.]

8 U.S.C. § 1448(a) (2000).[2] The applicant's participation in a public oath ceremony is mandatory. *See Okafor v. Gonzales*, 456 F.3d 531, 534 (5th Cir. 2006) (public oath "requirement[] for becoming a naturalized citizen of the United States" was not satisfied by the applicant's signature on the oath form) (following Ninth and Eleventh Circuits); accord *Abiodun v. Gonzales*, 461 F.3d 1210, 1216 (10th Cir. 2006) ("Signing an oath during the application process does not satisfy the [statutory] 'public ceremony' requirement[.]").

The record contains no evidence from which a reasonable fact finder could find that plaintiff took the public oath. Plaintiff admitted during deportation proceedings that he completed the naturalization application process but missed the public ceremony because of his incarceration. Def.'s Ex. I (Decision and Order of the Immigration Judge) at 5. Moreover, plaintiff has not provided any evidence to refute the Clerk's statement that he "has not been naturalized by [the Central District of California]," Def.'s Ex. G, a statement reinforced by plaintiff's own exhibits. *See* Pl.'s Mot., Ex. 33 (three letters from Frank Galvin, Manager of Jury & Naturalization for the Central District). Most revealing of plaintiff's confusion about the

---

[2] Although neither party has provided the version of the statute that was in effect in 1986 when plaintiff claims to have been naturalized, it is safe to assume that the 1986 version contained a similar oath requirement. *See Girouard v. U.S.*, 328 U.S. 61, 53 (1946) (observing public oath requirement as far back as 1906).

naturalization process is Mr. Galvin's letter dated October 5, 2006.  In response to plaintiff's claim of being naturalized on May 13, 1986, Mr. Galvin responded that the court's records "do not show you were naturalized," but on that date "[y]our petition . . . was filed with  INS [and] . . . accepted by the court[.]."  *Id*.  In response to plaintiff's request for the "docket sheet of the naturalization ceremony of July 26, 1986," Mr. Galvin responded that the court's records "do not show anything occurring on July 26, 1986, regarding [the granting of ] your petition," and they "do not show a ceremony taking place on July 26, 1986," a Saturday.  *Id*.

## IV.  CONCLUSION

In the absence of any evidence that plaintiff was ever naturalized as a United States citizen and, thus, of a memorializing record, the Court finds that no triable issue exists on whether defendant maintained inaccurate records in violation of the Privacy Act and concludes that defendant is entitled to judgment as a matter of law.  Plaintiff's cross-motion for summary judgment therefore is denied.  A separate Order accompanies this Memorandum Opinion.


_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE: January 26, 2009                                      United States District Judge